IN THE UNITED STATES COURT OF APPEALS FOR THE
DISTRICT OF COLUMBIA CIRCUIT

**ARTEMUS EDEN,**

    Plaintiff-Appellee

v.

**STATION TOWNHOUSES LLC, et al.,**

    Defendants-Appellants

Case No. 25-7133

**REPLY IN SUPPORT OF DEFENDANTS-APPELLANTS' EMERGENCY MOTION FOR STAY OF PRELIMINARY INJUNCTION <u>ORDER PENDING APPEAL</u>**

BMC's[1] Emergency Motion for Stay is premised on a legal argument and an equitable one. BMC's legal argument is that the district court erroneously granted the extraordinary remedy of a mandatory preliminary injunction without first finding that Plaintiff-Appellee Artemus Suarez "Eden" prevailed as to each of the four elements under *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). BMC's equitable argument is that Eden is a dangerous criminal who has harassed BMC employees and residents, stalked U.S. Senators, and poses an

---

[1] Defendants-Appellants Station Townhouses LLC and Bozzuto Management Company ("BMC").

existential threat to the Station House community. Eden's Opposition, though long on snark, does not rebut either argument.[2]

On the *Winter* standard, Eden accuses BMC of "sleight of hand." Opposition at 7. Yet nowhere in the Opposition does Eden quote any language from the district court showing that the court found in Eden's favor on the balance of equities and public interest prongs of the *Winter* test. This was no oversight by Eden's counsel: there is no such language to quote. Rather, the district court stated in its Order that "[n]either the balance of harms nor the public interest, individually or together, ***outweigh Plaintiff's success on the first two injunction factors***." (Order at 1 (emphasis added).) A finding that a movant's success on prongs one and two trumps the concerns presented by prongs three and four plainly is ***not*** equivalent to a finding that the movant has prevailed on all four prongs. *See Benisek v. Lamone*, 585 U.S. 155, 158 (2018) ("Even if we assume—contrary to the findings of the District Court—that plaintiffs were likely to succeed on the merits of their claims, the balance of equities and the public interest tilted against their request for a preliminary injunction."). Nor would the district court have had any basis to find in Eden's favor on the balance of equities and the public interest,

---

[2] Considering the unrebutted testimony at the preliminary injunction hearing about the harm Eden has inflicted on innocent third parties, and considering the district court's recognition that Eden is "unstable, unwell, and, frankly, I wouldn't want to be his neighbor either" (9/11/25 Tr. 188), the snark seems misplaced.

2

given the weighty testimony presented by seven witnesses for the defense versus the meandering and at times incomprehensible testimony of Eden.

The district court's Order finding on two of four *Winter* elements wasn't grammatical slippage, either. The district court apparently concluded that a movant can carry his burden to win a preliminary injunction without independently satisfying each of the four *Winter* elements. During closing argument, undersigned counsel had the following exchange with the district court:

> THE COURT: So say he prevails on the first two, you think I shouldn't then enter an injunction?
> MR. DUGAN: Absolutely.
> THE COURT: Really?
> MR. DUGAN: Every factor.
> THE COURT: Even though substantial likelihood of success, irreparably harmed if I don't issue it, just because of what harm that you're concerned about and the public interests means that he has to remain homeless until this case get resolved.
> MR. DUGAN: Well, I don't—we don't credit that sort of zero-sum game.

(9/12/25 Tr. 180.)[3] The notion that likelihood of success and irreparable harm supersede the balance of equities and the public interest is not compatible with *Winter*, and for that reason BMC is "likely to succeed on the merits" of its appeal challenging entry of the preliminary injunction. *Nken v. Holder*, 556 U.S. 418, 426

---

[3] Although undersigned counsel have not, as of this filing, received certified copies of the transcripts from the September 11 and 12, 2025 hearings, counsel received on September 15 cleaned-up versions that are appended to this reply as Exhibits A and B, respectively.

3

(2009).[4] That said, the district court's uncertainty about the standard may be a result of this Court's long delay in definitively addressing whether the sliding-scale approach survives *Winter*. The Court was not required to conclusively resolve that question in past cases, but it must do so now: either *Winter* "really meant what it can be read to have said," *Clevinger v. Advocacy Holdings, Inc.*, 134 F.4th 1230, 1236 (D.C. Cir. 2025), or we are back to a pre-*Winter* standard where district judges have the discretion to wield immense federal power on limited records and without first finding that all relevant legal ***and equitable*** considerations (including those relating to third parties) favor immediate injunctive relief for the movant.

On the equities, Eden's Opposition does not come close to rebutting the substantial evidence showing that BMC would be irreparably injured absent a stay, that the injury to BMC absent a stay outweighs the impact of the stay on Eden, and that the public interest favors a stay. *Nken*, 556 U.S. at 426. Eden barely engages with the evidence at all, and he ignores some of the most problematic evidence for

---

[4] Eden skips ahead in his Opposition and argues for a standard of review that might apply in the principal briefing in this appeal. He seems to have overlooked that this is a motion to stay, subject to the *Nken* standard that applies to such motions. Even in the eventual appeal briefing, though, this Court will not apply an abuse of discretion standard in deciding whether the district court correctly applied *Winter*. That threshold legal issue will be subject to *de novo* review. *See Alpine Sec. Corp. v. Fin. Indus. Reg. Auth.*, 121 F.4th 1314, 1324 (D.C. Cir. 2024) ("We review the district court's weighing of those preliminary-injunction factors for an abuse of discretion. We review any questions of law underlying the decision *de novo*.").

the relief he seeks—such as unrebutted testimony from a U.S. Capitol Police special agent about the danger Eden presents to the federal protectees at Station House; unrebutted testimony from law enforcement officials about their investigation of Eden's police stalking and sexual assault crimes; video evidence depicting Eden's disgusting assault of a concierge with condoms and theft of Station House tenant records; and Eden's own convenient denial of any recollection of the events leading to his arrests for violent crimes.

Eden's failure to engage with this evidence not only reinforces that this Court should stay the preliminary injunction; it also shows that Eden's request for summary affirmance is misguided.  Eden wants this Court, on an emergency basis, to uphold a preliminary injunction where the district court applied the wrong legal standard and where the overwhelming evidence shows that Eden poses a risk to the community where the district court reinstated him.  While Eden's counsel may be satisfied with Eden's testimony that he "planned to work closely with Pathways to Housing, the agency that provides him with psychiatric care and community support," Opposition at 11 n.5, that agency was not able to prevent Eden from engaging in admitted theft of confidential records, alleged sexual assaults, and other perverse and dangerous actions during his waning months at Station House before his arrest in March 2025.  Eden's vote of confidence in himself is cold comfort to BMC, and it should be cold comfort to this Court as well.

5

Finally, while Eden argues that this appeal is moot now that he has reentered his former apartment (over BMC's strenuous objection and at the direction of a federal court Order, which BMC of course would not violate), that argument is tantamount to an assertion that a mandatory preliminary injunction must stick as long as an appellate court does not intervene before the compliance deadline. But the mere fact that an appellate court does not have sufficient time (in this case, essentially a weekend) to block a mandatory preliminary injunction before it takes effect does not render the appellate court powerless to vacate an injunction wrongfully entered. *See Knox v. Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (citations omitted and cleaned up)); *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010) ("The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." (citations omitted)).[5] So while this Court should stay the preliminary

---

[5] This case is unlike *Spirit of the Sage Council v. Norton*, 411 F.3d 225 (D.C. Cir. 2005), cited in Eden's Opposition, in which federal agencies completed a rulemaking process pursuant to a district court directive, and the "orders under review require nothing more of them." *Id.* at 229. Here, BMC will be injured for so long as it is required to provide effectively free housing to a violent criminal who has harassed the community. This Court can redress that injury by staying and, ultimately, vacating the preliminary injunction Order.

injunction and reinstate the status quo *ex ante*—in which BMC is not under a federal court order to house Eden for free at a community he has terrorized—at minimum the Court should enter expedited briefing on the substance of this appeal and then decide, at the conclusion of that briefing, where the equities truly lie.

## Conclusion

The Court should grant BMC's Emergency Motion for Stay.

Respectfully submitted,

**GALLAGHER LLP**

*/s/ Joe Dugan*
James D. Bragdon (Bar No. 61044)
jbragdon@gejlaw.com
Joe Dugan (Bar No. 66451)
jdugan@gejlaw.com
218 North Charles Street, Suite 400
Baltimore, MD  21201
Telephone: (410) 727-7702
Fax: (410) 468-2786
*Attorneys for Defendants-Appellants*

Date:  September 17, 2025

## CERTIFICATE OF COMPLIANCE

1.     This reply contains 1,778 words, excluding those materials exempted by Fed. R. App. P. 27(a)(2)(B), and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C).

2.     This reply has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.  This reply therefore complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), as those rules are made applicable to motions through Fed. R. App. P. 27(d)(1)(E).

>       */s/ Joe Dugan*
> Joe Dugan

## CERTIFICATE OF SERVICE

I CERTIFY that on September 17, 2025, the foregoing reply, together with the exhibits thereto, was served by CM/ECF on counsel of record, with email to the following counsel for Plaintiff-Appellee:

Neil Satterlund, Esq.
Neighborhood Legal Services Program
64 New York Ave., NE
Washington, DC  20002
nsatterlund@nlsp.org

>       */s/ Joe Dugan*
> Joe Dugan