# United States Court of Appeals
**For The District of Columbia Circuit**

---

**No. 25-7133**                **September Term, 2025**

**1:25-cv-02944-APM**

**Filed On:** November 20, 2025

Artemus Eden,

        Appellee

    v.

Station Townhouses LLC and Bozzuto
Management Company,

        Appellants

**BEFORE:**     Pillard and Katsas, Circuit Judges, and Randolph, Senior Circuit Judge

## O R D E R

Plaintiff filed this case in D.C. Superior Court and Defendants invoked diversity jurisdiction to remove it to federal court, Notice of Removal 3-4 (ECF 1); 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a), but facts showing that the parties are completely diverse have not been alleged. We have an independent obligation to satisfy ourselves of our federal subject matter jurisdiction even though Plaintiff has not questioned it. *See Wynnewood Refining Company, LLC v. EPA*, 77 F.4th 767, 777 (D.C. Cir. 2023). Defendants' Notice of Removal asserts that the jurisdictional requirement of complete diversity is satisfied because "Plaintiff is a citizen of the District of Columbia," "Bozzuto is an entity incorporated in the State of Maryland, with its principal place of business in Greenbelt, Maryland," and "Station House is an entity incorporated in the State of Delaware, with its principal place of business in New York." Notice of Removal 4 (ECF 1).

Defendants' Notice of Removal identifies Station House as a Limited Liability Company (LLC), which we appear to treat differently from a corporation. Congress

has confirmed that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c); *see Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  That rule does not extend to "[u]nincorporated associations, including LLCs," which we have held "have the citizenship of each of their members." *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016); *see Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).

To establish federal subject matter jurisdiction over this case, Defendants will need to clarify the legal and factual bases of their claims of state citizenship for diversity purposes.  In particular, they must each establish their status as a corporation or other form of business under the law of their respective state(s) together with any other legally relevant facts, such as the citizenship of the members of any defendant noncorporate entity.  Accordingly, it is

**ORDERED**, on the court's own motion, that by 4:00 p.m. on November 26, 2025, Defendant-Appellants submit pursuant to 28 U.S.C. § 1653 one or more affidavits stating facts sufficient to establish their citizenship, together with a supplemental brief not to exceed two pages addressing whether the filings in this action, as supplemented by affidavit, establish diversity jurisdiction over this action. It is

**FURTHER ORDERED** that, if Plaintiff disagrees with any Defendant's submission regarding diversity of citizenship, he may file a responsive brief by 4:00 p.m. on December 3, 2025.

In addition to electronic filing, the submissions must be hand-delivered to the court by the time and date due.

### Per Curiam

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk